Olin S. LONG, Plaintiff,

v.

The UNITED STATES of America,
Defendant.

Civ. A. No. 4535.

United States District Court
W. D. South Carolina,
Greenwood Division.

May 14, 1965.

Thomas H. Pope and Robert D. Schumpert, Newberry, S. C., for plaintiff.

John C. Williams, U. S. Atty., Geddes H. Martin, Asst. U. S. Atty., Greenville, S. C., for defendant.

WYCHE, District Judge.

This is an action for personal injuries under the provisions of the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq. The plaintiff alleges that his injuries

were the direct and proximate result of the negligent and reckless operation of a helicopter owned by the defendant and operated by a member of the Armed Forces acting in the line of duty and within the course and scope of his employment.

Defendant sets up three defenses in its answer: (1) a general denial; (2) that it was operating over plaintiff's lands with the express permission of plaintiff in accordance with a certain permit signed by the plaintiff on April 29, 1963; and (3) contributory negligence on the part of plaintiff.

At the conclusion of plaintiff's case, I granted plaintiff's motion to amend the complaint to include an allegation that defendant violated the provisions of the Uniform State Law for Aeronautics, Section 2–1 et seq., Code of Laws of South Carolina 1962, without contributory negligence on the part of plaintiff. Counsel for the defendant was given the opportunity to serve an amended answer within ten days, but counsel agreed that no further amended answer was needed, the first amended answer being deemed a general denial of the allegations relative to the violation of the Uniform State Law for Aeronautics.

In compliance with Rule 52(a), Rules of Civil Procedure, 28 U.S.C.A., I find the facts specially and state my conclusions of law thereon in the above cause as follows:

## FINDINGS OF FACT

On the morning of August 7, 1963, plaintiff was mowing his pasture near Camping Creek, in the County of Newberry, with a mowing machine towed by a team of two mules. Plaintiff stopped his team to cool off in the shade of a pine tree approximately forty-five feet tall, located at a point approximately twenty-eight yards from Camping Creek, thirty yards from paved Highway S–36–202, and eighty-five yards from the top of a steep hill running generally parallel with Camping Creek. The pasture in which plaintiff was mowing briers and bushes contained approximately eight to ten acres, and at the time in question there were cattle in the pasture.

At about 11:15 a. m., plaintiff was oiling the blade of his mowing machine while kneeling behind the blade at the far right side of the mowing machine. He had draped the reins across a lever which was also located on the right side of the mowing machine and to the left of the mowing blade.

Plaintiff heard a severe penetrating noise which grew louder as it approached nearer to him, and he immediately glanced back at a point above some trees located to the north of Highway S–36–202 at a point some eighty yards from him, where he saw a United States Army helicopter flying directly toward him at tree-top level. He grabbed the reins of his team and attempted to keep the mules from bolting. The helicopter continued to fly toward the plaintiff and passed over his head at a height of some thirty-five to forty feet, at which time the mules lurched forward, pulling plaintiff's right leg over and in front of the horizontal mowing blade which was poised just a few inches above the ground.

Plaintiff's right leg was almost amputated by the mowing blade and plaintiff left his team and went toward the highway for assistance. A neighbor took him to the hospital where he was treated by Dr. Ralph P. Baker, Surgeon, of Newberry, and where he remained for ten days.

The helicopter was observed by neighbors flying in the vicinity of Camping Creek and Highway S–36–202 just above the trees and was identified as a United States Army vehicle.

The mowing machine the plaintiff was using was an old one, having been purchased second-hand many years ago by him. The mowing blade projected to the right of the mower and could be lifted to a near vertical position by a lever located on the left of the mowing machine. The lever on the right of the machine, over which the reins were draped, regulated the pitch of the mowing blade. A foot lever to the left of the

driver's seat engaged the gear which operated the mowing blade; when this foot lever was depressed by foot, it disengaged the blade. When the mules bolted, the sudden jolt engaged the gear.

The defendant admits that it owned the helicopter being operated near Camping Creek on August 7, 1963. The helicopter was operated over plaintiff's pasture and over his head.

The wounds received by plaintiff were extremely dirty and contained grass and dirt; the bone of the right leg was chipped from the action of the mowing blade; the Achilles tendon was severed as were all of the other arteries, veins and nerves in the right ankle except one vein. Plaintiff has suffered an 85 per cent. functional disability of his right leg. The blood supply was embarrassed, the plantar surface of his right foot has lost all sensory feeling, and he has no "push-off". Plaintiff is unable to elevate and depress his toes or to walk naturally, his skin is sensitive and it is subject to irritation and blistering with probable subsequent ulceration.

Plaintiff was sixty-five years of age at the time of his injury and since his graduation from Newberry College in 1922, has taught school and operated a farm of 198 acres in Newberry County, owned by him and the other heirs of his deceased father. He has also looked after the farm owned by his wife in Calhoun County. He is now unable to do farm work. He had a life expectancy of 13.51 years.

Upon his release from the Newberry County Memorial Hospital on August 17, 1963, plaintiff was first confined to a wheel chair for some weeks and thereafter used crutches. Since Christmas, 1963, it has been necessary for him to use a walking cane.

The pasture in which plaintiff was injured is located in a rather thickly-settled community of small farms. Plaintiff and many of his neighbors still use horses and mules to till the soil rather than mechanized equipment. In addition, his nearest neighbor, and others in the community, operate dairies and keep cattle on their farms. Mid-Carolina High School is located about a mile from plaintiff's home.

From the testimony of all the witnesses, the sketch and pictures illustrating the scene and the mowing machine, the attendant physical facts and a view of plaintiff's scars I find:

(a) That the defendant operated its helicopter at a height of thirty-five or forty feet toward and immediately over plaintiff and his team of mules who were in plain view in plaintiff's pasture.

(b) That defendant operated its helicopter at an unsafe height over plaintiff's property.

(c) That the defendant was guilty of actionable negligence in operating its helicopter at tree-top height toward and over plaintiff and his team of mules when it was reasonably foreseeable that such negligent operation of the aircraft would frighten the mules.

(d) That plaintiff was seriously injured and permanently disabled as a direct and proximate result of defendant's negligence in the operation of its helicopter.

(e) That plaintiff was not guilty of any negligence which contributed as a proximate cause to his injuries.

(f) That plaintiff sustained hospital and medical expenses of $431.80, that he has hired extra labor to perform farm chores ordinarily done by him since his injury; that he has sustained pain and suffering; that he has 85 per cent. functional disability of his right leg as the result of his injuries and that he has a life expectancy of 13.51 years from the date of his injuries.

## CONCLUSIONS OF LAW, OPINION AND ORDER

This Court has jurisdiction of the parties and of the subject matter of this action.

■ Whether or not the defendant United States of America was guilty of actionable negligence through the actions of a member of its Armed Forces in the instant case must be determined

by the South Carolina law, since the Federal Tort Claims Act, 28 U.S.C.A. § 1346, provides that the United States shall be liable, "if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

■ The defendant was guilty of actionable negligence which was the direct, proximate and efficient cause of the injuries to plaintiff. It is common knowledge that livestock in general and mules in particular are easily frightened by sudden loud noises and by objects which are propelled directly at and over their heads. The plaintiff and his team of mules were in plain view in an open pasture when defendant's helicopter, while making a loud noise, was flown directly at and over their heads at a height of some thirty-five to forty feet. It was reasonably foreseeable that the team of mules would bolt. The operation of the aircraft in such manner constituted actionable negligence.

Plaintiff's injury was not caused or contributed to by any negligence on his part as a proximate cause thereof.

■ Irrespective of the actionable negligence of defendant in the manner in which it operated its helicopter at low altitude over the head of plaintiff's team of mules, defendant is liable to plaintiff under the provisions of Sections 2–5 and 2–6, Code of Laws of South Carolina 1962. Section 2–6 provides: "The owner of every aircraft which is operated over the land or waters of this State is absolutely liable for injuries to persons or property on the land or water beneath caused by ascent, descent or flight of the aircraft or the dropping or falling of any object therefrom, whether such owner was negligent or not, unless the injury is caused in whole or in part by the negligence of the person injured or of the owner or bailee of the property injured. * * *."

In the case of United States v. Praylou (CA4, 1953) 208 F.2d 291, certiorari denied, 347 U.S. 934, 74 S.Ct. 628, 98 L.Ed. 1085, the United States Court of Appeals for the Fourth Circuit held that the effect of the Uniform Aeronautics Act adopted by law in South Carolina is to make the infliction of injury or damage by the operation of an aeroplane a wrongful act in itself. The South Carolina statute imposes absolute liability whether the invasion of personal rights is intentional or not.

Under South Carolina law, defendant is liable for plaintiff's injuries in the absence of contributory negligence on the part of plaintiff if defendant's helicopter is operated over plaintiff's land with resulting injury to plaintiff. Defendant's helicopter was so operated and is liable irrespective of its negligence.

■ The defendant contends that plaintiff signed a permit authorizing it to enter upon his lands during Swift Strike maneuvers and that he was thereby placed on notice that airplanes and helicopters would be used. Evidence is undisputed, however, that no helicopters had been seen operating in the vicinity of plaintiff's home prior to August 7, 1963. Even had plaintiff known that helicopters were operating in the area, this would not relieve defendant of its liability under the Uniform Aeronautics Act nor could it relieve defendant from the consequences of its negligence in operating its helicopter in the manner hereinabove described. The permit is not a bar or defense to this action.

■ In considering plaintiff's actual damages, it is proper to consider not only his pecuniary losses to date, but also his permanent disability and his future discomfort, pain and suffering. At the time of his injury he had a life expectancy of 13.51 years. Section 26–12, Code of Laws of South Carolina 1962.

■ Based upon the foregoing Findings of Fact, Conclusions of Law and Opinion, I am of the opinion that the plaintiff Olin S. Long should have judgment against the defendant United States of America in the sum of Twenty-Five Thousand ($25,000.00) Dollars.

■ I am of the further opinion that plaintiff's attorneys are entitled to a fee

of twenty (20%) per cent., or the sum of Five Thousand ($5,000.00) Dollars, to be paid them by the defendant from the sum of Twenty-Five Thousand ($25,000.-00) Dollars.

Entry of appropriate judgment is directed accordingly, and

It is so ordered.